UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN JAMIE ROETHLISBERGER,

                Plaintiff,

-against-

OXIDO CORP.,

                Defendant.

20cv01909 (PGG) (DF)

**ORDER TO SUPPLEMENT DAMAGES SUBMISSIONS**

**DEBRA FREEMAN, United States Magistrate Judge:**

      The above-captioned action, brought pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and 501, *et seq.*, has been referred to this Court for an inquest to determine the amount of damages to which plaintiff Brian Jamie Roethlisberger ("Plaintiff") is entitled, upon the default of defendant Oxido Corp. ("Defendant"). (Dkt. 19.) In setting out the damages, attorneys' fees, and costs that Plaintiff is seeking from Defendant for its alleged unauthorized reproduction and public display of Plaintiff's 202 copyrighted photographs, Plaintiff has submitted to this Court an attorney Declaration (Dkt. 12) and a Statement of Damages (Dkt. 13). In the course of its review of Plaintiff's submissions, however, this Court has determined that further information is needed for it to be able to assess reasonable damages. For this reason, and even though Defendant has submitted no opposition to Plaintiff's damages submissions to date, this Court directs Plaintiff to supplement his submissions, to address the issues discussed in this Order.

      In conducting a damages inquest, the Court accepts as true the well-pleaded factual allegations of the complaint, *except* those relating to damages. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). As to damages, a plaintiff must substantiate his claims with evidence to prove the extent of damages. *See Trehan v. Von Tarkanyi*, 63 B.R. 1001, 1008 n.12 (S.D.N.Y. 1986) (plaintiff must introduce evidence to prove damages suffered and the court will

1

then determine whether the relief flows from the facts (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974))). While a plaintiff is entitled to all reasonable inferences in his favor based on the evidence submitted, *see U.S. ex rel. Nat'l Dev. & Constr. Corp. v. U.S. Envtl. Universal Servs., Inc.*, No. 11cv730 (CS), 2014 WL 4652712, at *3 (S.D.N.Y. Sept. 2, 2014) (adopting report and recommendation), the burden is on the plaintiff to "introduce sufficient evidence to establish the amount of damages with reasonable certainty," *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12cv1369 (LGS) (AJP), 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (citations omitted), *report and recommendation adopted*, 2013 WL 4505255 (Aug. 23, 2013).

Here, as evidence in support of his claim for actual damages, Plaintiff has submitted only a single computer screenshot of a license fee quote (apparently calculated by Plaintiff's prior counsel, Richard Liebowitz, Esq, ("Liebowitz")[1]) provided by Getty Images, Inc. on its website GettyImages.com (the "Getty Website") for a particular photograph (the "Getty Image") that is allegedly comparable to the 202 copyrighted photographs at issue in this case. (Declaration of Richard Liebowitz, Esq., dated Oct. 23, 2020 ("Liebowitz Decl.") (Dkt. 12) ¶ 16 & Ex. D.) According to Liebowitz, Getty Images, Inc. is "the leading stock photography agency" (*id.* ¶ 16), and a survey of recent caselaw indicates that is not uncommon for plaintiffs in this type of suit to rely on information available on the Getty Website – which is a large repository of photographs available for licensing at fees that may readily be calculated by users of the site – as a measure for assessing "market rate" license fees, and hence the amount of actual damages that may reasonably be awarded for infringing uses of copyrighted photographs similar to those available

---

[1] This Court notes that Liebowitz is no longer counsel of record for Plaintiff, as he withdrew from representing Plaintiff after having been suspended from the practice of law in the State of New York. (*See* Dkts. 22, 23.)

on the site, *see, e.g., Fleishman v. World Bride Magazine, LLC*, No. 19 CV 5595 (EK) (LB), 2020 WL 7774843 (E.D.N.Y. Oct. 27, 2020), *report and recommendation adopted*, 2020 WL 7770936 (Dec. 30, 2020); *Pasatieri v. Starline Prods., Inc.*, No. 18-CV-4688 (RPK) (VMS), 2020 WL 5913190 (E.D.N.Y. Oct. 6, 2020); *Cuffaro v. Fashionisto LLC*, No. 19cv7265 (GBD) (KHP), 2020 WL 5077449 (S.D.N.Y. July 9, 2020), *report and recommendation adopted*, 2020 WL 5076826 (Aug. 27, 2020); *Terry v. Masterpiece Advert. Design*, No. 17cv8240 (NRB), 2018 WL 3104091 (S.D.N.Y. June 21, 2018). In this case, however, the information provided by Plaintiff from the Getty Website is problematic for multiple reasons.

     First, it is not at all clear to this Court that the single Getty Image that Plaintiff relies upon is, in fact, a comparable image to any one of his 202 copyrighted photographs. The Getty Image is a 1983 photograph that shows a shirtless male model who is identified by the Getty Website as: "Model and MTV Video Jockey Eric Nies." (Liebowitz Decl., Ex. D.) According to publicly available information, Eric Nies is also an actor and producer, who has appeared in at least three TV series and two movies.[2] Although Plaintiff's 202 photographs are also represented to be images of models (*see* Complaint, dated Mar. 3, 2020 ("Compl.") (Dkt. 1) ¶ 1) and show men, mostly in shirtless poses (*see id.*, Ex. A), it appears that none show Eric Nies, and this Court has no information before it to gauge the extent to which the models in Plaintiff's photographs have achieved comparable success or are even recognizable in the public eye. Indeed, Liebowitz's statement that the licensing fee charged for the Getty Image "is a reasonable rate for a digital media license to display *a male model* for promotional use in the United States . . ." (Liebowitz Decl. ¶ 16 (emphasis added)) makes no effort to account for the fact that different models may enjoy different degrees of fame. Without additional information, this

---

[2] *See* https://www.imdb.com/name/nm0631238/ (accessed Dec. 6, 2021).

Court cannot determine whether the license fee charged for the Getty Image actually provides a fair estimate of the license value of *any* of the 202 photographs at issue. *See Fleishman*, 2020 WL 7774843, at *5 (finding that the license fee quote calculated by the Getty Website did not serve as a "reasonable" basis to award the plaintiff actual damages where there were significant differences between the Getty Website's comparator photograph and the plaintiff's copyrighted photograph); *Olusola v. Don Coqui Holding Co., LLC*, No. 19cv6909 (MKB) (JO), 2020 WL 8771246, at *4 (E.D.N.Y. Oct. 8, 2020) (noting that the "court could easily find that [the plaintiff] failed to establish *any* actual damages to a reasonable degree of certainty" where there was no indication that the Getty Website's photograph was "in any way a useful comparator" and the plaintiff did not submit any evidence of "the licensing fees that [he] himself ha[d] ever secured for any photograph" (emphasis in original)), *report and recommendation adopted in part*, 2021 WL 631031 (Feb. 18, 2021).

Second, even if it could be found that the Getty Image is comparable to one or more of Plaintiff's photographs, there is no reason for this Court to assume, based on the minimal submissions before it, that the Getty Image is comparable to *all* of Plaintiff's 202 copyrighted photographs. The 202 photographs appear to show at least 15 male models – again, none of whom seems to be Eric Nies. (*See* Compl., Ex. A.) In addition, some photographs are in color, while others are in black and white, and some of the photographs differ significantly from others, in style, composition, and content. (*See id.*) Given the diversity of the images, there is no way for this Court to know, without more information, that Plaintiff's actual damages should be assessed in the same way with respect to each of Defendant's claimed infringements. In similar circumstances, based on similarly limited showings, courts have declined to award plaintiffs actual damages in cases like this one. *See, e.g.*, *Proimos v. Madison Prop. Grp.*, No. 20cv4832

4

(LJL), 2021 WL 4391238, at *2 (S.D.N.Y. Sept. 24, 2021) (holding that plaintiff had not met his burden of proof as to actual damages where he only submitted a benchmark license quote from the Getty Website); *Pasatieri*, 2020 WL 5913190, at *1 (declining to award actual damages based only on a single screenshot from the Getty Website and plaintiff's attorney declaration).

Third, to calculate the licensing fee for the use of a particular image available through the Getty Website, a user may select certain parameters, including the type and format of the use desired, the scope of the image's intended use, the size and placement of the image's intended use, the start date and duration of the intended use, and the territory and industry targeted by the use. (*See* Liebowitz Decl., Ex. D; *see also Proimos*, 2021 WL 4391238, at *2 (noting "there are parameters in the Getty Images price calculator that must be set to calculate a value for a licensing fee, including use, format, start date, and duration").) According to the single screenshot provided by Plaintiff, it appears that Liebowitz entered the following parameters for a potential license of the 1993 Getty Image: (1) a use in digital media, (2) for corporate or promotional purposes on a website, (3) with a size of up to 1/2 page, (4) with placement on a secondary page, (3) for up to a month's duration starting on October 22, 2020, and (4) targeting the U.S. arts and entertainment industry. (*See id.*) Plaintiff then used this *single* license quote as the benchmark licensing fee for *all* of the photographs at issue. Yet, it is not clear to this Court that Liebowitz's chosen parameters for the Getty Website license fee calculator correspond to Defendant's actual uses of Plaintiff's copyrighted photographs.

More particularly, while Plaintiff has attached to his Complaint an exhibit containing screenshots of his copyrighted photographs on Defendant's Instagram account (*see* Compl., Ex. B; *see also* Liebowitz Decl., Ex. A), this evidence does not confirm the appropriateness of the parameters entered. To the contrary, it raises questions on this issue. For example, according

5

to the Getty Website itself, in order to select the parameter concerning the "format" of a digital image, the site user must decide between a "corporate and promotional" use versus a "social media" use.[3] Here, Liebowitz, without explanation, selected the format for "corporate and promotional" use, even though the "social media" category may have also covered Defendant's alleged uses of Plaintiff's photographs, and selection of the latter category may have resulted in a different license fee. Without an explanation as to why Liebowitz chose the parameters he did, it appears that Plaintiff is asking this Court to "rely on 'undue speculation' in its calculation of damages." *Cuffaro*, 2020 WL 5077449, at *4; *see also, e.g., Pasatieri,* 2020 WL 207352, at *4 (finding proposed actual damages to be "unduly speculative" where the "proposed use" parameter selected in the Getty Website license fee calculator was "substantially different than defendant's alleged use of the image").

In all, this Court finds that Plaintiff's submission of a single screenshot from the Getty Website and his attorney's barely explanatory Declaration are insufficient to establish the reasonable license value of each of Plaintiff's 202 copyrighted photographs. Especially in a case like this one, with multiple photographs at issue, Plaintiff's request for actual damages would be far better supported by invoices of past licensing fees for the photographs at issue, copies of licensing agreements, or a sworn affidavit or declaration from Plaintiff attesting to the licensing fees he has charged for the photographs. *See, e.g.*, *Sheldon v. Plot Com.*, 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *15 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058 (Sept. 19, 2016) (awarding damages based on "licensing agreements showing that [the plaintiff] had previously licensed photographs to other websites similar to [the

---

[3] *See* https://www.gettyimages.com/purchase/price-calculator/sb10069475ab-001 (accessed Dec. 1, 2021).

6

defendant's website]"). On this point, this Court also notes that its independent research has revealed that, in other copyright infringement cases – sometimes after the plaintiff was initially denied actual damages because of insufficient supporting evidence – Liebowitz proceeded to provide such additional information to support his clients' requests for actual damages. *See, e.g., Cuffaro*, 2020 WL 5077449, at *3 (submitting client's detailed affidavit providing proof of prior licensing deals); *Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-cv-3378 (DRH) (SIL), 2019 WL 5458798, at *3 (E.D.N.Y. Oct. 2, 2019) (submitting past invoices documenting prior licensing fees after the court initially denied a request for actual damages), *report and recommendation adopted*, 2019 WL 5457735 (Oct. 24, 2019). The same should be provided here, assuming there is a prior licensing history for the copyrighted photographs.

Finally, with respect to attorneys' fees, this Court notes that Plaintiff did not provide "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc.*, 711 F.2d 1136, 1148 (2d Cir. 1983)). While Liebowitz stated in his Declaration that he spent a total of 1.6 hours on this case, and while, within the body of that Declaration, he provided a chart breaking down his services by description, date, and hours of the tasks performed (*see* Liebowitz Decl. ¶ 22), he nowhere confirmed that the time was contemporaneously recorded, and he provided no back-up time records to demonstrate this. Although some courts have apparently accepted this type of summary chart as sufficient to demonstrate the work performed by counsel, *see, e.g., Jerstad v. New York Vintners LLC*, No. 18cv10470 (JGK) (OTW), 2019 WL 6769431, at *4-5 (S.D.N.Y. Dec. 12, 2019), *report and recommendation adopted*, 2020 WL 58237 (Jan. 6, 2020), it is this Court's view, in this case, that counsel should at least be required to state, under oath or penalty of perjury, that the time reflected in any such chart was taken from contemporaneous records, *see*

*McGlynn v. Cools, Inc.*, No. 19cv03520 (GBD) (DF), 2020 WL 6561658, at *11 (S.D.N.Y. July 1, 2020) (recommending that Liebowitz's attorneys' fees request be denied, unless he submitted a sworn affidavit or declaration made under penalty of perjury "confirming that his time was, in fact contemporaneously recorded (and that his summary chart reflect[ed] that recorded time)"), *report and recommendation adopted*, 2020 WL 5525745 (Sept. 15, 2020). Thus, in addition to supplementing Plaintiff's submissions to provide greater support for his request for actual damages, Plaintiff's current counsel is directed to confirm, by sworn affidavit or declaration made under penalty of perjury, that the time entries on the chart that was earlier provided by Liebowitz accurately reflect time records contemporaneously made.

For all of the reasons stated above, it is hereby ORDERED that:

1. No later than January 3, 2022, Plaintiff is directed to supplement his damages submissions to provide a more detailed and fact-specific showing as to why the Getty Image is an appropriate comparator to each of the specific images shown in his 202 copyrighted photographs, and why the parameters he selected for the Getty Image's license fee are appropriate in this instance.  If, as this Court suspects, that single Getty Image cannot be demonstrated to be comparable to all of the 202 photographs in issue, then Plaintiff should provide additional comparator images, as appropriate.  Further, to the extent possible, Plaintiff should provide, as support for his request for actual damages, copies of invoices showing past licensing fees received for those photographs, copies of relevant licensing agreements, and/or a sworn affidavit or declaration attesting to the licensing fees he charged for photographs within the copyrighted collection.

  2. Plaintiff is further directed to serve Defendant with both his supplemental submission and a copy of this Order, by means reasonably calculated to reach Defendant, and to file proof of such service on the Docket by January 3, 2022.

  3. If Defendant wishes to respond to Plaintiff's supplemental submission, it may do so by January 31, 2022.  Defendant is again cautioned, however, that, as a corporate entity, it may not appear in this Court without an attorney.  Therefore, any response to Plaintiff's supplemental submission that Defendant wishes to file, including any request for a hearing with respect to that submission, must be made through counsel, in order for that response to be considered by the Court.

Dated: New York, New York
    December 6, 2021

                SO ORDERED

                _____
                DEBRA FREEMAN
                United States Magistrate Judge

<u>Copies to</u>:

Plaintiff's counsel (via ECF)